STATEWIDE GRIEVANCE COMMITTEE *v.*
ERNESTO CLARKE
(AC 17394)

Foti, Landau and Sullivan, Js.

Argued March 23—officially released April 28, 1998

"A. Yes.

*Ernesto Clarke,* pro se, the appellant (defendant).

*Daniel B. Horwitch,* statewide bar counsel, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, Ernesto Clarke, who was admitted as an attorney to the practice of law in Connecticut and the District of Columbia, was ordered disbarred on November 7, 1996, by the District of Columbia Court of Appeals. Thereafter, the plaintiff, the statewide grievance committee, applied to the Superior Court for reciprocal discipline pursuant to Practice Book § 28A, now Practice Book (1998 Rev.) § 2-39. The trial court scheduled a hearing for May 14, 1997, and ordered that the nonresident defendant be given notice of the application and the hearing date. The defendant filed an answer to the application for reciprocal discipline, along with exhibits. The defendant also requested a continuance of the hearing scheduled for May 14, 1997. The trial court continued the hearing to May 28, 1997, and, thereafter, to June 25, 1997. The defendant failed to attend the June 25, 1997 hearing. The trial court found "that no defense as set forth in [the defendant's] answer (entitled 'opposition') has been proven to the Practice Book § 28A (c) standard of clear and convincing evidence." The trial court, therefore, granted the application for reciprocal discipline and ordered the defendant disbarred effective immediately. The defendant did not move to open the judgment, nor did he seek articulation of the trial court's brief memorandum of decision. The defendant has also failed to furnish a transcript of the June 25, 1997 hearing before the trial court.

"[W]e cannot render a decision without first having specific findings of fact to determine the basis of the court's ruling." (Internal quotation marks omitted.) *Gorneault* v. *Gorneault*, 34 Conn. App. 923, 924, 642 A.2d 734, cert. denied, 231 Conn. 911, 648 A.2d 152 (1994). We have consistently stated that it is the responsibility of the appellant to provide an adequate record for review. See Practice Book § 4007, now Practice Book (1998 Rev.) § 61-10; *Gelormino* v. *Blaustein*, 31 Conn. App. 750, 751, 626 A.2d 1325 (1993); *State* v. *Rios*, 30 Conn. App. 712, 715, 622 A.2d 618 (1993). We see no reason to depart from that rule.

We therefore decline to review this matter.

The judgment is affirmed.