## COMMUNITY ACTION FOR GREATER MIDDLESEX COUNTY, INC. *v.* AMERICAN ALLIANCE INSURANCE COMPANY
## (AC 17249)

O'Connell, C. J., and Sullivan and Stoughton, Js.

Argued December 17, 1998—officially released March 30, 1999

*Michael S. Taylor*, with whom, on the brief, were *Daniel P. Scapellati* and *John W. Lemega*, for the appellant (plaintiff).

*Linda L. Morkan*, for the appellee (defendant).

*Opinion*

STOUGHTON, J. The plaintiff, Community Action for Greater Middlesex County, Inc. (Community Action), appeals from the summary judgment rendered by the trial court.[1] On appeal, Community Action claims that the trial court improperly (1) resolved an insurance policy coverage issue against it and in favor of the defendant, American Alliance Insurance Company (American), and (2) denied Community Action's motion for summary judgment. We affirm the judgment of the trial court.

Community Action initiated suit against American for breach of an insurance contract. The allegations asserted in the complaint include the following. Community Action, a federally funded agency, provides a preschool training program. American is the general liability insurance carrier for Community Action under a policy purchased from American by Community Action. The parent and next friend of a six year old child brought suit against Community Action alleging that while the child was enrolled in the program, she was sexually molested by three boys who were in her class.[2]

---

[1] The parties filed cross motions for summary judgment with the trial court, claiming that there were no material facts in dispute and that each was entitled to judgment as a matter of law. The trial court granted the defendant's motion and denied the plaintiff's. The plaintiff argues that the decision on each motion should be reversed.

[2] The suit alleges that the child suffered emotional trauma as a result of one or more of six separate acts of negligence on the part of Community Action: failure (1) to supervise, (2) to investigate, (3) to train teachers, (4) to hire qualified teachers, (5) to report allegations of sexual abuse and (6) to keep the child safe from harm.

Pursuant to the insurance contract, American agreed to defend and indemnify Community Action against any action seeking damages due to bodily injury. Upon notice of the litigation brought on behalf of the six year old child, Community Action notified American and demanded that American defend and indemnify it against the suit. American declined to defend or to indemnify Community Action, relying on the abuse or molestation exclusion contained in the insurance policy. Following its successful defense of the litigation, Community Action sought reimbursement from American for all the expenses incurred, plus interest. American refused the demand and Community Action filed a complaint alleging that American breached the insurance contract by its failure to provide a defense.

American responded to the complaint, admitting certain allegations and denying others, and raised a special defense. Specifically, American asserted that the insurance policy issued to Community Action contained an express exclusion for abuse or molestation,[3] the provisions of which apply to the claims raised by the parent and next friend against Community Action, and, therefore, American did not owe Community Action any duty to defend or any other contractual obligation under the

---

[3] The abuse or molestation exclusion provided: "This endorsement modifies insurance provided under the following:

"COMMERCIAL GENERAL LIABILITY COVERAGE PART

"This insurance does not apply to 'bodily injury,' 'property damage,' 'advertising injury' or 'personal injury' arising out of:

"(a) the actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or

"(b) the negligent:

"(i) employment;

"(ii) investigation;

"(iii) supervision;

"(iv) reporting to the proper authorities, or failure to so report; or

"(v) retention;

"of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by (a) above."

applicable policy. The record does not contain a reply to this special defense.

In March, 1997, both parties filed motions for summary judgment with supporting memoranda and exhibits. Following oral argument, the trial court reserved decision and then, by notice dated May 14, 1997, notified the parties of its ruling in favor of American. The trial court did not provide a memorandum of decision to explain the basis for its decision. Rather, the court simply signed the order, indicated that Community Action's motion for summary judgment was denied and that American's motion for summary judgment was granted, and wrote on the order, "See *Middlesex Mutual Assurance Co.* v. *Rand,* Superior Court, Judicial District of Middlesex at Middletown, Docket No. 76644 (April 4, 1996) (*Stanley, J.*)." This appeal of the decision on the parties' motions for summary judgment followed.

The duty to provide this court with a record adequate for review rests with the appellant.[4] See *Statewide Grievance Committee* v. *Clarke,* 48 Conn. App. 545, 547, 711 A.2d 746, cert. denied, 245 Conn. 923, 717 A.2d 239 (1998). In this case, the record is inadequate for review because we have not been provided with either a written memorandum of decision or a transcribed copy of an oral decision signed by the trial court stating its reasons for its decision to resolve the insurance policy coverage issue against Community Action and to deny Community Action's motion for summary judgment. See Practice Book § 64-1 (a),[5] formerly § 4059 (a).

---

[4] Practice Book § 61-10 provides in relevant part: "It is the responsibility of the appellant to provide an adequate record for review. The appellant shall determine whether the entire trial court record is complete, correct and otherwise perfected for presentation on appeal. . . ."

[5] Practice Book § 64-1 (a) provides in relevant part: "The court shall state its decision either orally or in writing, in all of the following: (1) in rendering judgments in trials to the court in civil and criminal matters, including rulings regarding motions for stay of executions, (2) in ruling on aggravating and mitigating factors in capital penalty hearings conducted to the court, (3) in ruling on motions to dismiss under Section 41-8, (4) in ruling on

While the trial court wrote on its order, "See *Middlesex Mutual Assurance Co.* v. *Rand*," that decision does not inform us as to the trial court's reasoning in the present case. *Middlesex Mutual Assurance Co.* involved an exclusion for "bodily injury or property damage which is expected or intended by the insured." In *Middlesex Mutual Assurance Co.*, the court concluded that the exclusion applied in an instance of sexual assault by an adult on a minor. The exclusion in the present case, however, was for "actual or threatened abuse or molestation" and the incident involved an alleged act of sexual molestation by minors of another minor. The *Middlesex Mutual Assurance Co.* decision also discussed summary judgment and when an insurer's duty to defend arises, in addition to the discussion on the exclusion. We cannot speculate on the purpose for which the *Middlesex Mutual Assurance Co.* case was noted.

Thus, "[w]e . . . are left to surmise or speculate as to the existence of a factual predicate for the trial court's rulings. Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting [the plaintiff's claims] would be entirely speculative." (Internal quotation marks omitted.) *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 608–609, 710 A.2d 190 (1998).

---

motions to suppress under Section 41-12, (5) in granting a motion to set aside a verdict under Section 16-35, and (6) in making any other rulings that constitute a final judgment for purposes of appeal under Section 61-1, including those that do not terminate the proceedings. The court's decision shall encompass its conclusion as to each claim of law raised by the parties and the factual basis therefor. If oral, the decision shall be recorded by a court reporter and, if there is an appeal, the trial court shall create a memorandum of decision for use in the appeal by ordering a transcript of the portion of the proceedings in which it stated its oral decision. The transcript of the decision shall be signed by the trial judge and filed in the trial court clerk's office. . . ."

Because we have not been provided with the trial court's factual or legal basis for its rulings, we cannot reach the issue of whether the trial court acted properly. The record is inadequate for our review of the Community Action's claims.

The judgment is affirmed.

In this opinion the other judges concurred.