[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On March 2, 2000, the former plaintiff in this action, Safeco American States Insurance Company (Safeco), filed a single count complaint seeking declaratory judgment[1] to determine whether, under the homeowner's insurance policy it issued the defendants Andrew Consiglio, it is obligated to defend and indemnify Consiglio in an action brought against him by a third party.[2]
On April 19, 2000, Safeco filed a request for leave to substitute plaintiff asking the court to substitute American Economy Insurance Company (American) as the proper plaintiff. Safeco's request was granted by the court on May 9, 2000. On July 24, 2000, American filed an amended complaint reflecting this change.
On October 17, 2000, American filed a motion for summary judgment (Plaintiff's Motion), a memorandum in support of the motion, a copy of CT Page 12925 the complaint filed in Annicelli v. Tedesco, a copy of Consiglio's homeowners insurance policy from 5-13-98 to 5-13-99, a copy of Consiglio's homeowner's insurance policy from 5-13-99 to 5-13-00, and affidavits attesting to the authenticity of these documents. American moves for summary judgment on the ground that there is no genuine issue of material fact because under the terms and conditions of Consiglio's homeowners' insurance policy, American does not have a duty to defend and indemnify him in the Annicelli action. American claims it is entitled to judgment as a matter of law and therefore summary judgment should be granted.
On April 2, 2001, Consiglio filed a memorandum in opposition to American's motion for summary judgment and an affidavit from Consiglio. Consiglio claims that under the terms and conditions of his homeowner's insurance policy, genuine issues of material fact exist regarding American's legal obligation to defend and indemnify him in the Annicelli action. Consiglio argues summary judgment should therefore be denied.
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence [of] any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Community Action for GreaterMiddlesex County, Inc. v. American Alliance Ins. Co., 254 Conn. 387,397-98, 757 A.2d 1074 (2000).
The following facts are undisputed. In the action entitled Annicelliv. Tedesco, Annicelli brought an eight count complaint against Elaine Tedesco, the housing authority of the city of New Haven and Andrew Consiglio (the defendant in the instant case). Counts one, two and three of the complaint are against Tedesco. In these counts, Annicelli alleges that from December, 1996, through March, 1998, Tedesco, an employee of the housing authority of the city of New Haven, threatened and harassed her via telephone, pager and mail. Additionally, Annicelli alleges that Tedesco defamed her in remarks Tedesco made to her employer and to a newspaper.
Counts four, five and six are directed against Tededsco's employer, and are not pertinent to this motion. CT Page 12926
Counts seven and eight of the complaint are against Consiglio, who is a captain in the New Haven police department. In count seven, Annicelli alleges that Consiglio violated her rights to due process under thefourteenth amendment to the United States constitution and title 42 of the United States Code, § 1983, by failing to take proper action to stop Tedesco's harassing and threatening telephone calls and allowing Tedesco access to Annicelli's unlisted telephone number and pager number. In count eight, Annicelli alleges that Consiglio breached his duty to uphold the laws of Connecticut as a sworn police officer by engaging in the acts she complains of in count seven. Annicelli alleges that Consiglio's actions are the direct and proximate cause of the injuries and damages she sustained.
Annicelli claims that due to the wrongful acts and omissions of each defendant, she has "suffered severe emotional distress and trauma which caused her to be in constant fear for her physical safety and well-being, and which necessitated medical care and treatment, as well as the purchase of a German Shepard guard dog with the expense associated with its training, upkeep and care. Said emotional distress and trauma may be permanent in nature." Annicelli claims that her ability to engage in her every day occupational, recreational, and social activities and to live her life to its fullest was and continues to be substantially diminished. She alleges that the defendants' wrongful acts and omissions occurred from December, 1996, through March, 1998.
It is also undisputed that Consiglio held a homeowner's insurance policy issued by American. Consiglio first obtained the policy from American on May 13, 1998 and it was in effect from May 13, 1998 to May 13, 1999. Consiglio renewed the policy, which was effective from May 13, 1999 to May 13, 2000.
American argues that it has no legal obligation to defend or indemnify Consiglio in the Annicelli action. American sets forth four arguments to support its position: (1) the acts that form the basis for the Annicelli complaint did not occur during the policy term; (2) the injury Annicelli alleges was not caused by an "occurrence" as defined in the policy; (3) Annicelli has not alleged any "personal injury" as defined in the policy; and (4) coverage is excluded because Consiglio was rendering "professional services" at the time the alleged conduct occurred. American asserts no genuine issue of material fact exists as to these issues.
In response, Consiglio asserts: (1) the language used in Annicelli's complaint can be construed to mean the alleged wrongful acts and omissions took place from December, 1996, through December, 1998, which would include the period when the policy was in effect; (2) Annicelli's CT Page 12927 injuries are covered under the terms of the policy; and (3) because Annicelli is suing Consiglio in both his official and individual capacity, his conduct is not excluded from coverage under the "professional services" exclusion. Consiglio maintains genuine issues of material fact exist as to whether American has a duty to defend and indemnify him.
"A genuine issue has been variously described as a triable, substantial or real issue of fact . . . and has been defined as one which can be maintained by substantial evidence." (Citations omitted; internal quotation marks omitted.) United Oil v. Urban Development Commission,158 Conn. 364, 378, 260 A.2d 596 (1969). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Id., 379. "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031
(1988).
The primary issue before the court is whether an issue of fact exists on the question of whether, under the terms and conditions of Consiglio's homeowner's policy, American is obligated to defend or indemnify Consiglio in the Annicelli action. If the policy excludes coverage for Consiglio's alleged conduct, the court is not required to determine whether the acts and omissions in Annicelli's complaint occurred during the term of the policy or whether Consiglio was exclusively rendering "professional services" at the time. If Consiglio's conduct is not covered by the policy, American is not obligated to defend or indemnify him in Annicelli's action.
American argues that the allegations set forth in Annicelli's complaint, do not fall under the definitions in the policy to which coverage applies. Consiglio argues the opposite, interpreting the language of the policy to mean that American is obligated to defend and indemnify him in the Annicelli action. "[A]n insurer's duty to defend, being much broader in scope and application than its duty to indemnify, is determined by reference to the allegations contained in the [underlying] complaint. . . . The obligation of the insurer to defend does not depend on whether the injured party will successfully maintain a cause of action against the insured but on whether he has, in his complaint, stated facts which bring the injury within the coverage. If the latter situation prevails, the policy requires the insurer to defend, irrespective of the insured's ultimate liability. . . . It necessarily follows that the insurer's duty to defend is measured by the allegations of the complaint. . . . Hence, if the complaint sets forth a cause of action within the coverage of the policy, the insurer must CT Page 12928 defend. Indeed, [i]f an allegation of the complaint falls even possibly within the coverage, then the insurance company must defend the insured. On the other hand, if the complaint alleges a liability which the policy does not cover, the insurer is not required to defend. In ascertaining the meaning of the terms of the insured's policy, we also are guided by well established principles. The [i]nterpretation of an insurance policy, like the interpretation of other written contracts, involves a determination of the intent of the parties as expressed by the language of the policy. . . . The determinative question is the intent of the parties, that is, what coverage the [insured] expected to receive and what the [insurer] was to provide, as disclosed by the provisions of the policy. . . . It is axiomatic that a contract of insurance must be viewed in its entirety, and the intent of the parties for entering it derived from the four corners of the policy. . . . The policy words must be accorded their natural and ordinary meaning . . . [and] any ambiguity in the terms of an insurance policy must be construed in favor of the insured because the insurance company drafted the policy. . . . A necessary predicate to this rule of construction, however, is a determination that the terms of the insurance policy are indeed ambiguous. . . . The fact that the parties advocate different meanings of the [insurance policy] does not necessitate a conclusion that the language is ambiguous. Moreover, [t]he provisions of the policy issued by the defendant cannot be construed in a vacuum. . . . They should be construed from the perspective of a reasonable layperson in the position of the purchaser of the policy." (Citations omitted; internal quotation marks omitted.) Community Action for Greater Middlesex County, Inc. v.American Alliance Ins. Co., supra, 254 Conn. 398-400.
Consiglio's homeowners policy provides in relevant part:
 "If a claim is made or a suit is brought against an "insured' for damages because of `personal injury' or `property damage' caused by an `occurrence' to which this coverage applies, we will: . . . provide a defense at our expense. . . . `Personal Injury'
means: `bodily injury' and injury arising out of one or more of the following offenses: (1) false arrest, detention or imprisonment, or malicious prosecution; (2) libel, slander or defamation of character; or (3) invasion of privacy, wrongful eviction or wrongful entry. `Bodily injury' means bodily harm, sickness or disease, including required care, loss of services and death that results. `Occurrence' means an accident, including continuous repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in "personal CT Page 12929 injury' or "property damage'. (Emphasis added.) (Plaintiff's Motion, Exhibit B, pp. 3, 12).
In her complaint, Annicelli alleges that Consiglio violated her right to due process and breached his duty as a police officer. These acts and/or omissions do not fall within the definition of "occurrence" as defined in the policy. It is not reasonable to interpret Consiglio's alleged behavior as "an accident" in the context of an insurance policy. Moreover, the injuries that Annicelli claims to have suffered as a result of Consiglio's acts or omissions do not fall within the definition of "personal injury" as that term is defined in the policy. Annicelli alleges that she has "suffered severe emotional distress and trauma which caused her to be in constant fear for her physical safety and well-being, and which necessitated medical care and treatment, as well as the purchase of a German Shepard guard dog with the expense associated with its training, upkeep and care. Said emotional distress and trauma may be permanent in nature." She does not allege that she has suffered any physical injury or bodily harm. The policy is very clear in defining "bodily injury" as bodily harm, sickness or disease.
As stated by our Supreme Court in Moore v. Continental Casualty Co.,252 Conn. 405, 411-12, 746 A.2d 1252 (2000), in addressing this issue in the context of emotional harm resulting from economic loss, "[t]he majority rule is that, as a matter of law, the term bodily injury in a liability policy does not include emotional distress unaccompanied by physical harm." "It is undoubtedly true that emotional distress ordinarily might be accompanied by some physical manifestations, such as an altered heart rate and altered blood pressure, and perhaps other such manifestations as changes in the size of the pupils, and sleeplessness and headaches. That does not mean, however, that `bodily harm, sickness or disease,' as used in the insurance policy in this case, necessarily includes emotional distress caused by economic loss. The question in this case is the legal meaning of `[b]odily [i]njury' as defined in the policy. It is not the medical or scientific question of the degree to which the mind and the body affect each other." Id., 415.
Consiglio's argument that the wording of the insurance policy is broad enough to include as bodily injury "severe emotional distress and trauma which necessitated medical care and treatment," is not persuasive. "A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity . . ." Flint v. Universal MachineCo., 238 Conn. 637, 646, 679 A.2d 929 (1996). As noted by the court inMoore v. Continental Casualty, supra, 252 Conn. 413, "[i]t would expand coverage of these policies far beyond any reasonable expectation of the parties to sweep within their potential coverage any alleged emotional or physical distress that might result from economic loss that is itself CT Page 12930 clearly outside the scope of the policy." (Citation omitted.)
The terms of Consiglio's homeowner's policy are clear. Coverage for bodily injury does not extend to emotional distress claims. American has no duty to defend Consiglio in the Annicelli action because the allegations set forth in Annicelli's complaint are not covered under the terms and conditions of Consiglio's homeowner's insurance policy.
Because the homeowner's policy excludes coverage for Consiglio's conduct and American is not obligated to defend him, it follows that American is not obligated to indemnify Consiglio. "[A]n insurer's duty to defend, being much broader in scope and application than its duty to indemnify, is determined by reference to the allegations contained in the [underlying] complaint. . . . On the other hand, if the complaint alleges a liability which the policy does not cover, the insurer is not required to defend." (Citations omitted; internal quotation marks omitted.)Community Action for Greater Middlesex County, Inc. v. American AllianceIns. Co., supra, 254 Conn. 398-99. "[T]he oft-stated principle [is] that the duty to defend is broader than the duty to indemnify. . . ." (Citation omitted.) QSP, Inc. v. Aetna Casualty Surety Co.,256 Conn. 343, 352, ___ A.2d ___ (2001).
In conclusion, there exist no genuine issues of material fact and American is entitled to judgment as a matter of law. American's motion for summary judgment is therefore granted.
Howard F. Zoarski Judge Trial Referee