[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
This is an action for declaratory judgment filed by Gilbane Building Co. ("Gilbane") against Lawrence Brunoli d.b.a. Lawrence Brunoli, Inc. ("Brunoli") and Great American Insurance Co. ("Great American"). On or about January 5, 1998, William Perrone ("Perrone") was allegedly injured when he fell into a trench at Conard High School in West Hartford, Connecticut. (Plaintiff's Exhibit A.) At the time, both Gilbane and Brunoli were under contract with West Hartford to renovate Conard High School. (Plaintiff's Exhibit B and F.) Additionally, Brunoli obtained liability insurance from Great American pursuant to its contract with West Hartford. (Plaintiff's Exhibits B and D.) On February 3, 1999, Perrone instituted a cause of action against Brunoli and Gilbane alleging that his injuries resulted from the negligence of the defendants. (Plaintiff's Exhibit A.)
On July 21, 2000, Gilbane brought this declaratory judgment asking the court to determine whether Great American must defend it against Perrone's claim, and in the alternative, that Brunoli must incur Gilbane's defense expenses. On August 28, 2001, Gilbane filed a motion for summary judgment supported by a memorandum of law and exhibits. Gilbane moves for summary judgment on the ground that Perrone's underlying claim triggers Great American's duty to defend as a matter of law. On September 14, 2001, Great American and Brunoli filed a joint objection to the motion for summary judgment supported by a memorandum of law and exhibits. On September 17, 2001, Gilbane filed a reply memorandum followed, in turn, with a reply by Great American and Brunoli on September 24, 2001. CT Page 15347
"Practice book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted). Doty v. Mucci, 238 Conn. 800, 805,679 A.2d 945 (1996). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp., 233 Conn. 732, 751, 660 A.2d 810 (1995). "[A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Internal quotation marks omitted). Id., 752.
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted). Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under the applicable principles of substantive law, entitle him to judgment as a matter of law." (Internal quotation marks omitted). Id. "The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted). Id. Ultimately, "[t]he burden of proof is on the moving party and the standards of summary judgment are strictly and forcefully applied." Miller v. UnitedTechnologies Corp., supra, 233 Conn. 752.
 I.
The threshold issue this court needs to address is whether an unsworn and uncertified copy of a contract is inadmissible evidence and, therefore, inappropriate within the context of summary judgment. Great American and Brunoli argue that Practice Book §§ 17-45 and 17-46 mandate that all supporting documentary evidence must be sworn and certified. (Defendants' Reply p. 5.) Accordingly, Gilbane cannot rely on the construction contracts regarding the Conard High School project. This argument misstates the rule governing documentary evidence used to support motions for summary judgment.
Practice Book § 17-45 provides in relevant part: "[a] motion for summary judgment shall be supported by such documents as may be appropriate, included but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." (Emphasis added.) "It is clear that in deciding a motion for summary judgment the trial court may consider, in addition to the pleadings, affidavits and any other proof submitted by the parties." (Internal CT Page 15348 quotation marks omitted). Pepe v. New Britain, 203 Conn. 281, 285-86,524 A.2d 629 (1987). "Only evidence that would be admissible at trial [however] may be used to support or oppose a motion for summary judgment." Great Country Bank v. Pastore, 241 Conn. 423, 436, 696 A.2d 1254
(1997).
The requirement of certification applies to affidavits accompanying a motion for summary judgment. The general rule stipulates that "[u]nsworn assertions of fact, summary conclusions of law and unsupported allegations in an affidavit do not entitle a party to summary judgment." (Emphasis added.) Scinto v. Stamm, 224 Conn. 524, 533, 620 A.2d 99
(1993), cert. denied, 510 U.S. 861, 114 S.Ct. 176, 126 L.Ed.2d 136
(1993). In the present case, Gilbane provided copies of the contracts signed by the relevant parties. (Plaintiff's Exhibits B and F). Great American and Brunoli incorrectly construe Practice Book § 17-45 to require all documentary evidence to be sworn and certified. A plain reading of the Practice Book indicates that this rule pertains to documentary evidence and statements found in an affidavit and does not refer to the documents themselves.
 II.
The next issue for the court to determine is whether Gilbane is an additional insured under the Brunoli policy. Great American and Brunoli contend, however, that this is a question of fact and Gilbane's motion for summary judgment should be denied. Yet, "[i]t is the function of the court to construe the provisions of the contract of insurance. . . ." (Internal quotation marks omitted). QSP, Inc. v. AETNA Casualty SuretyCo., 256 Conn. 343, 351, 773 A.2d 906 (2001); Moore v. ContinentalCasualty Co., 252 Conn. 405, 409, 746 A.2d 1252 (2000) ("[c]onstruction of a contact of insurance presents a question of law for the court"). Accordingly, the court must look to the policy itself
"It is axiomatic that a contract of insurance must be viewed in its entirety, and the intent of the parties for entering it derived from the four corners of the policy." (Internal quotation marks omitted).Travelers Ins. Co. v. Namerow, 257 Conn. 812, 826, 778 A.2d 168 (2001). "The policy words must be accorded their natural and ordinary meaning . . . [and] any ambiguity in the terms of an insurance policy must be construed in favor of the insured because the insurance company drafted the policy. . . ." (Internal quotation marks omitted). Id.; 826-27. The Brunoli policy, under the section "WHO IS AN INSURED," establishes two possible classes of additional insureds: (1) those added to the policy via written contract and (2) those under "an oral agreement or contract where a Certificate of Insurance showing that person or organization as an Additional Insured has been issued. . . ."[1] (Plaintiff's Exhibit D.) CT Page 15349 The question then becomes whether Gilbane falls under any of the articulated classes.
Section 11.1.11 of the Brunoli contract explicitly directs Brunoli to include Gilbane as an additional insured under its insurance policy.[2]
(Plaintiff's Exhibit B.) The Brunoli contract effectively categorizes Gilbane under the first class of additional insureds pursuant to the coverage provided by Great American. Moreover, Brunoli's certificate of insurance explicitly names Gilbane as an additional insured. (Plaintiff's Exhibit C.) This court finds as a matter of law that Gilbane is an additional insured under the Brunoli policy.
 III.
The court must next consider whether Great American has a duty to defend Gilbane as an additional insured under the Brunoli policy. Great American and Brunoli contend that the intent of the parties with respect to coverage is a question of fact properly left for the jury. Additionally, Great American and Brunoli argue that the decision regarding Gilbane's motion for summary judgment for indemnification (Rittenband, J.) is dispositive in the present case. This court finds the defendants' arguments unpersuasive.
"The question of whether an insurer has a duty to defend its insured is purely a question of law, which is to be determined by comparing the allegations of [the] complaint with the terms of the insurance policy." (Emphasis added.) Greater Middlesex Community Action v. American AllianceIns., 254 Conn. 387, 395, 757 A.2d 1074 (2001). "[A]n insurer's duty to defend, [is] much broader in scope and application than its duty to indemnify, [and] . . . [t]he obligation of the insurer to defend does not depend on whether the injured party will successfully maintain a cause of action against the insured but on whether he has, in his complaint, stated facts which bring the injury within the coverage." (Internal quotation marks omitted). QSP, Inc. v. AETNA Casualty Surety Co.,
supra, 256 Conn. 350-51. Thus, "[i]f an allegation of the complaint falls even possibly within the coverage, then the insurance company must defend the insured." Greater Middlesex Community Action v. American AllianceIns., supra, 254 Conn. 399.
The underlying cause of action asserts that the injuries suffered by the claimant stem from the negligence of Gilbane and Brunoli.[3]
(Plaintiff's Exhibit A.) The Brunoli insurance policy clearly covers physical injuries sustained in a negligence cause of action. Paragraph 2.b. of the Brunoli policy, entitled "COVERAGE A — BODILY INJURY AND PROPERTY DAMAGE LIABILITY," states that "[Great American] will pay those sums that the insured becomes legally obligated to pay as damages CT Page 15350 because of "bodily injury'. . . ."[4] (Plaintiff's Exhibit D.) Perrone's negligence action asserts a claim that possibly falls within coverage and, therefore, triggers Great American's duty to defend Gilbane as an additional insured.
Great American and Brunoli also argue that this court must deny Gilbane's motion for summary judgment regarding the duty to defend so as to remain consistent with the previous denial of Gilbane's motion for summary judgment on the issue of indemnification. This court repeats the oft stated proposition that "an insurer's duty to defend, [is] much broader in scope and application than its duty to indemnify . . . QSP,Inc. v. The AETNA Casualty Surety Co., supra, 256 Conn. 350. The duty to defend attaches if the allegations of the complaint possibly fall within the terms of the policy. Greater Middlesex Community Action v.American Alliance Ins., supra, 254 Conn. 399. "[W]here there is no duty to defend, there is no duty to indemnify", but the duty to defend may attach where ultimately there is no duty to indemnify. QSP, Inc. v. TheAETNA Casualty Surety Co., supra, 256 Conn. 352, 382. Accordingly, this court's determination that there are material issues of fact regarding indemnification does not control the present motion. The plaintiff's motion for summary judgment is granted. In light of the above, this court need not address the plaintiff's alternative contention that Brunoli also owes Gilbane a duty to defend.
Hale, JTR