[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #101
On July 16, 2001, the plaintiff, Rocky Guarnieri, filed a breach of contract complaint against the defendants, Chris and Lisa Moutinho. The plaintiff alleges that he and the defendants entered into a written contract whereby the defendants agreed to sell and convey to him the real property located at 773-779 State Street in Bridgeport, Connecticut. The plaintiff alleges that he has remained ready, willing and able to purchase the above mentioned property and that the defendants have refused to transfer and convey the property. The plaintiff alleges damages due to the defendant's failure transfer the real property.
On September 28, 2001, the defendants filed a Motion for Summary Judgment, accompanied by a memorandum of law in support. The plaintiff did not file an objection to the Motion for Summary Judgment.
The defendants move for summary judgment as to the entire complaint on the ground that the plaintiff is estopped from making the claims which he has set forth in his complaint because he was not ready, willing and able to purchase the real property.
In support of their motion, the defendants submit: a copy of the fully executed contract, dated June of 2000, a copy of the plaintiff's deposit check made payable to the defendants' counsel as trustee, a copy of the Chase Bank notification of the check being returned unpaid due to insufficient funds, and a copy of a second contract, dated February 16, 2001. The defendants also submit copies of the affidavits of the defendants, the listing agent and the plaintiff's lender. The defendants aver that the plaintiff's deposit check was returned for insufficient funds, that the plaintiff continually represented to them that he was ready, willing and able to purchase the property, that an extension was granted to the plaintiff, that on December 13, 2000, the plaintiff gave them a non-refundable deposit that was made with the understanding that the closing would take place on January 13, 2001, and that the closing did not take place on that day. The affidavit of Diane Boros, real estate agent, avers the same. The affidavit of William Dorsey, Executive Director of Grow Bridgeport Fund I, LLC., avers that the plaintiff was given conditional approval for a loan but that said loan was never closed as Grow Bridgeport withdrew its commitment.
"[Summary] judgment . . . shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Greater Community Action for Greater Middlesex County, Inc. v.American Alliance Ins. Co., 254 Conn. 387, 397, 757 A.2d 1074 (2000). "A genuine issue has been variously described as a triable, substantial or real issue of fact . . . and has been defined as one which can be CT Page 1297-cx maintained by substantial evidence." (Citation omitted; internal quotation marks omitted.) United Oil Co. v. Urban DevelopmentCommission, 158 Conn. 364, 378, 260 A.2d 596 (1969). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case. . . . Issue of fact encompasses not only evidentiary facts in issue but also questions as to how the trier would draw from them." (Citation omitted; internal quotation marks omitted.) Id., 378-79.
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . . and the party opposing such motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Greater Community Action for Greater Middlesex County, Inc. v.American Alliance Ins. Co., supra, 254 Conn. 397-98.
The defendants have proven that a contract existed for the sale of the real property and that the plaintiff has breached the contract by not closing or obtaining financing for the transaction, that the plaintiff was given three opportunities to close on the property and failed to do so. Therefore, the motion for summary judgment is granted as there exists no genuine issue of material fact as to the plaintiff's ability to purchase the real property in question. The defendants have met their burden of proof and are entitled to judgment as a matter of law. The Lis Pendens dated June 22, 2001 filed on the Bridgeport Land Records is hereby ordered released.
BY THE COURT,
Elizabeth A. Gallagher, Judge