[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#108) AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#109)
This memorandum of decision addresses both the Motion for Summary Judgment submitted by the defendant, American Airlines, Inc. (American), under date of July 6, 2000 (#108) and the Motion for Summary Judgment submitted by the plaintiff, Margaret Leake, under date of July 20, 2000 (H 109). The underlying litigation arose from American's alleged failure to provide air transportation services for Leake and her guest, which would have enabled them to travel them from Connecticut to Florida, where they had been scheduled to embark upon a Carnival Cruise vacation. While each party claims that there is no genuine issue as to any material fact concerning American's failure to provide air travel services for the plaintiff they differ as to their views of the circumstances presented by this case. American argues that a third party's interference prevented its fulfillment of any obligation to Leake, leaving the airline without liability toward its intended passenger and her guest. In contrast, Leake claims that American simply breached its contract for provision of travel services, causing her to sustain damages. The court finds reason to deny each of the pending motions for summary judgment, with prejudice toward American, and without prejudice toward Leake.
The court file reflects that upon American's failure to provide the air transportation noted above, the plaintiff brought suit against that airline, utilizing the Small Claims Session of the Superior Court. The Small Claims complaint, dated April 6, 2000, alleges: "The Plaintiff paid $2,730.00 for a Carnival Cruise which was to occur on 2/12/99. Included in the price was airfare on the Defendant's airlines to Florida. The day before the cruise, the Defendant company's pilots went on strike, leaving the Plaintiffs unable to get to the cruise."[1] Apparently due to her resulting inability to partake in the planned air or sea travel, the CT Page 11987 plaintiff claimed damages in the amount of $2,500 plus costs. The defendant airline moved to transfer the matter from the Small Claims Session onto the regular Civil Docket. This transfer motion was approved by the magistrate on May 10, 2000 (#101), and the summary judgment motions followed.
The standards governing a trial court's review of issues presented through a motion for summary judgment are well known, and were applied in considering the claims presented by the parties at bar. "`Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under the applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book [§ 17-46]. . . .' (Citations omitted; internal quotation marks omitted.) Witt v. St. Vincent's Medical Center,252 Conn. 363, 368, 746 A.2d 753 (2000)." (Brackets in the original.)Community Action for Greater Middlesex County, Inc. v. American AllianceIns. Co., 254 Conn. 387, 397-98, ___ A.2d ___ (2000). "A genuine issue has been variously described as a triable, substantial or real issue of fact . . . and has been defined as one which can be maintained by substantial evidence." (Citation omitted; internal quotation marks omitted.) UnitedOil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 378,260 A.2d 596 (1969). "[T]he genuine issue aspect of summary judgment procedure requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred." (Internal quotation marks omitted.)United Oil Co. v. Urban Redevelopment Commission, supra,158 Conn. 378-79. "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v.Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699
(1990).
 I AMERICAN AIRLINES'S MOTION FOR SUMMARY JUDGMENT
The defendant claims that there is "no genuine issue as to any material CT Page 11988 fact" that could establish its responsibility for the plaintiff's losses, and that it is therefore entitled to summary judgment in this matter. Defendant's Motion for Summary Judgment, dated July 6, 2000 (#108). The defendant further asserts that it is insulated from liability in this matter because American Airlines is not the proper target for suit in this matter. Specifically, the defendant contends that the Allied Pilots Association (Pnots Association) caused the strike which resulted in the cancellation of the plaintiff's flight to Florida, and that because the Pilots Association was responsible for the plaintiff's losses, that organization constitutes the only proper target for the plaintiff's cause of action. Id. American further argues that as the Pilots Association's strike was not within the control of the airlines, that summary judgment should be granted in its behalf "since the plaintiff has brought this action against the wrong defendant." Id. Defendant's Memorandum of Law in Support of Motion for Summary Judgment, dated July 6, 2000. The plaintiff contests the application of federal case law, tendered by the defendant in support of its motion, claiming that this decision is inapposite to the case at bar. The court agrees that the federal decision, submitted by the defendants, does not dispose of all pending factual or contractual issues as a matter of law, and that the defendant is not, thereby, entitled to summary judgment. Accordingly, the court finds this issue in favor of the plaintiff.
To bolster its motion for summary judgment, American has provided a single exhibit, containing a copy of the decision rendered by the Hon. Joe Kendall in the matter of American Airlines, Inc. v. Allied PilotsAssociation, Case No. 7:99-CV-025-X, dated February 13, 1999.[2] The defendant urges the court to take judicial notice of this decision, and to find that it determines, as a matter of law, that American can have no direct liability to the plaintiff, as her losses were caused, in fact, by the Pilots Association.[3] The court finds that the proposed application of the federal district court's decision is overly broad, and unavailing to the defendants at this stage of the pending proceedings.
American Airlines, Inc. v. Allied Pilots Association, brought before the United States District Court for the Northern District of Texas, Wichita Falls Division, apparently presented American's application for a finding for contempt against the pilots who belonged to the Association, and who flew American's planes when they were not on strike. The decision, entitled "Order of Contempt," presents the district court's conclusion that the Pilot's Association was unreasonably interfering with national commerce by effectuating a labor strike and by wilfully failing to comply with the federal legislation which mandated negotiation in lieu of strikes in such circumstances.[4] The defendant would have this the court to assume that Judge Kendall's comments about the Pilots Association's responsibility for the interference with air travel, caused CT Page 11989 by the strike at issue, had to do with establishing the union's financial liability to the passengers who were harmed as the result of the strike, as opposed to focusing upon the union's scofflaw attitude toward the bargaining process mandated by federal law. The defendant points to one particular comment in Judge Kendall's opinion as support for its conclusion that the District Court had been intrinsically concerned, in resolving the application for contempt, with the distribution of money damages between American Airlines and its passengers: "This illegal sick-out by the Union has cost untold millions of dollars in damages to hundreds of thousands of passengers and businesses in this country. American Airlines may or may not be right in the underlying labor dispute, but it is crystal clear the Company is not responsible for the canceled flights, passenger inconvenience, and monetary damages passengers have suffered. The Union is responsible for the damages these passengers have suffered. It is also clear that the Union leadership could care less about these people." Id.; see also Defendant's Memorandum of Law in Support of Motion for Summary Judgment, dated July 6, 2000. The court finds that this language, while attractive to the defendant, was not intended to address the primary relationship between American and its potential passengers, such as Margaret Leake, but was offered to underscore the district court's irritation with the Pilots Association and their failure to recognize the "trickle down" effect of their strike-like activities.
In considering the defendant's proposed use of the American Airlinesv. Allied Pilots Association decision, the court has notes that neither Margaret Leake nor any other passenger has been identified as being a party to the contempt action in federal forum. Nonetheless, the defendants would have this court adopt Judge Kendall's comments about the Pilots Association's role in depriving passengers of their air transportation as the basis for extinguishing the plaintiff's opportunity for a hearing to determine the facts concerning her relationship with American Airlines. Some of Judge Kendall's reasoning is, indeed, logically applied to the facts of the case at bar. For instance, American Airlines v. AlliedPilots Association, supra, supports the general proposition that one who fails to honor a contract is liable for damages to the party who suffers from the breach. The defendant would, it seems, use the federal decision as the basis for directing Leake toward bringing a direct claim against the Pilots Association, whether or not she had any contractual relationship or privity with that group. Such a reading of AmericanAirlines v. Allied Pilots Association strains the purpose and content of the federal district court's action. Judge Kendall would likely be surprised to learn that his comments, intended to excoriate the Pilots Association and their strike tactics, had been transformed into a rule eliminating American's obligations to its passengers, as a matter of fact and notwithstanding applicable state law, without the opportunity for CT Page 11990 further hearing and consideration of the circumstances affecting particular passengers on particular flights.[5] It is unreasonable to read the contempt action from the federal court in Texas as establishing that a breach of the contract between American Airlines and Margaret Leake was the sole fault of the Pilots Association, a third party, and that the plaintiff is thereby deprived of all recourse against the named defendant in this matter. It would be more reasonable to conclude, from the decision in American Airlines v. Allied Pilots Association, supra, that if American is found liable to the plaintiff in the pending matter, it should be successful in obtaining indemnification from the pilots union.[6]
Any relation of the American Airlines v. Allied Pilots Association case to the claims pending here, other than that of allowing American to obtain reimbursement from the pilots, would indeed enable American to recoup more than it has lost. As the plaintiff cogently observed: "Defendant would be double dipping Wit were allowed to collect damages from the union, and not pay those damages to the injured plaintiff. Yet, that is how American Airlines wishes to interpret this case. It proposes to collect the cost of the ticket from the passenger/Plaintiff, keep the money, cancel the flight, and collect the cost of the flight from the union. This defies logic, and is most certainly not the holding in theAllied Pilots case." (Emphasis in the original.) Plaintiff's Memorandum of Law in Response to Defendant's Motion for Summary Judgment and in Support of its Motion for Summary Judgment, dated July 20, 2000.
The defendant has provided no case law or statutory authority from this jurisdiction which would force such a broad and powerful interpretation of the contempt finding rendered in Texas as that proposed for this case. Acting with prudence, this court will resist the temptation to overextend Judge Kendall's wrath toward the Pilots Association by restricting Margaret Leake's right to pursue an action against American. Many questions raising issues of material fact exist concerning the relationship between the Airlines, the Carnival Cruise entity, and the plaintiff insofar as her payment for air travel and the failure to provide that travel are concerned: these facts are not resolved through a reasoned application of the American Airlines v. Allied PilotsAssociation opinion. Thus, American has failed to meet its burden of showing the absence of any genuine issue [of] material facts which, under the applicable principles of substantive law, entitle it to a judgment as a matter of law, as is required by Practice Book § 17-49. Accordingly, American is not entitled to summary judgment in this matter. See Witt v. St. Vincent "s Medical Center, supra, 252 Conn. 368.
 II CT Page 11991 MARGARET LEAKE'S MOTION FOR SUMMARY JUDGMENT
The resolution of the defendant's motion for summary judgment does not end this matter, however, as the plaintiff's arguments also deserve attention. In addition to declaiming the application of the AmericanAirlines v. Allied Pilots Association contempt decision to the facts of this case, she contends that "[t]he case should be governed by simple contract law. Plaintiff contracts with Defendant and although Defendant hires employees to perform the contract on its behalf, it still breaches the contract when its employee does not show up for work." Plaintiff's Memorandum of Law in Response to Defendant's Motion for Summary Judgment and in Support of its Motion for Summary Judgment, dated July 20, 2000. The court concurs with the plaintiff's submission that general contract principles should govern the interpretation of the relationship between the traveler and the airlines in this case. However, as the defendant, the plaintiff here has failed to eliminate all genuine issues of material fact governing the purported contract between the parties, she is not entitled to summary judgment as a matter of law. Practice Book §17-49; see also Witt v. St. Vincent's Medical Center, supra, 252 Conn. 368.
The plaintiff in this matter has tendered no exhibits in support of her motion for summary judgment.[7] Through the Small Claims complaint, the plaintiff has effectively pleaded the existence of an agreement for the provision of services from American Airlines to herself: however, no copy of a written contract has been provided, other than that which may be inferred from the travel coupons attached to the original Small Claims submission. These coupons indicate, on their face, that the parties to the cruise travel arrangements included the travel agent, Royal Knight Travel; the plaintiff and her guest, Taylor Leake; the "supplier", Travelways; and Carnival, ostensibly the sea carrier. The coupons present no specific mention of the defendant American Airlines. Additionally, while the coupons indicate that a total travel cost of $2,730 was incurred by the plaintiff, including the tariff for air fare, no affidavit or other supporting material has been submitted to enable the court to determine, as a matter of absolute fact, that it was American Airlines who was intended by all involved to provide the flights for the plaintiff and her guest. Such issues present questions of material fact which may, through preliminary discovery and responses to requests for admissions, provide an answers which will, indeed, "make a difference in the result of the case." Hammer v. Lumberman's Mutual Casualty Co., supra, 214 Conn. 578. Those answers are not, however, apparent at this stage of the proceedings before the court. Accordingly, the plaintiff is not entitled to a summary judgment in her favor at this time. Witt v.St. Vincent's Medical Center, supra, 252 Conn. 368.
The court finds from the nature of this case that it is likely to be CT Page 11992 appropriately presented for summary judgment at a later time, once factual issues concerning the relationship of the named parties have been resolved. That the defendant was successful in securing the transfer of this matter from the Small Claims Session to the regular Civil Docket does not raise the bar which now protects it, due to the early developmental stage of the case, from summary judgment. As such, the plaintiff's motion for summary judgment is denied, without prejudice, subject to submission of documents establishing her relationship with the defendant, when the motion may be filed anew.
WHEREFORE, after due hearing and consideration of the two motions identified above, for the foregoing reasons, the Motion for Summary Judgment submitted by the defendant, American Airlines, Inc. (American) under date of July 6, 2000 (#108) is hereby DENIED, and the Motion for Summary Judgment submitted by the plaintiff, Margaret Leake, under date of July 20, 2000 (#109), is hereby DENIED, WITHOUT PREJUDICE.
BY THE COURT,
N. Rubinow, J.