[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 111)
Before the court is the plaintiff Twin City Fire Insurance Company's motion for summary judgment in this declaratory judgment action. The plaintiff alleges the following facts in the complaint. The defendant, Dorothy Grady, obtained a homeowner's insurance policy (policy) from the plaintiff Twin City Fire Insurance Company, for the period of July 14, 1996, through July 14, 1997. The other defendant, Dorothy Grady's son, Kevin Grady, alleges that on October 24, 1996, he fell as he was ascending from the garage to the living room of his mother's residence and sustained personal injuries. The plaintiff alleges that at the time of this incident, Kevin Grady was living at the residence with Dorothy Grady. Kevin Grady subsequently filed a personal injury action against Dorothy Grady, Kevin Grady v. Dorothy Grady, Docket No. CV98-0350511s. That action is presently pending in the Superior Court for the judicial district of Fairfield at Bridgeport.
On June 15, 1999, the plaintiff filed the complaint in the present action against both defendants. The plaintiff asks the court to enter a declaratory judgment that it has no obligation to provide Dorothy Grady with liability coverage under the policy and no obligation to provide her with a defense to the action filed against her by Kevin Grady. On June 29, 2000, the plaintiff filed a motion for summary judgment on the ground that the policy contains a resident relative exception to personal CT Page 15327 liability coverage, that this exception applies to Kevin Grady's claim against his mother and the plaintiff is therefore not obligated to provide liability insurance to or defend Dorothy Grady in the action Kevin Grady filed against her.
As required by Practice Book § 11-10, the plaintiff filed a memorandum of law in support of its motion for summary judgment. (Plaintiff's Memorandum.) Both defendants filed objections to the motion and memoranda in opposition thereto (Kevin Grady's Memorandum and Dorothy Grady's Memorandum.)[1] and the plaintiff filed a reply.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as on any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Miles v. Foley, 253 Conn. 381,385-86, 752 A.2d 503 (2000). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v. Lumberman's MutualCasualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990).[2]
"[A]n insurer's duty to defend, being much broader in scope and application than its duty to indemnify, is determined by reference to the allegations contained in the [underlying] complaint . . . The obligation of the insurer to defend does not depend on whether the injured party will successfully maintain a cause of action against the insured but on whether he has, in his complaint, stated facts which bring the injury within the coverage. If the latter situation prevails, the policy requires the insurer to defend, irrespective of the insured's ultimate liability. . . . Hence, if the complaint sets forth a cause of action within the coverage of the policy, the insurer must defend." (Internal quotation marks omitted.) Community Action for Greater Middlesex County,Inc. v. American Alliance Ins. Co., 254 Conn. 387, 398, 757 A.2d 1074
(2000).
In this case although the parties did not provide the court with a copy of the complaint in Kevin Grady's action against Dorothy Grady, the defendants do not dispute the plaintiff's characterization of that action as a personal injury action. The parties do not agree, however, on CT Page 15328 whether the policy provides coverage for personal injuries incurred by Kevin Grady. Therefore, the court must examine the policy to ascertain whether such coverage was included or excluded. Pursuant to the policy, the plaintiff agreed to provide coverage for bodily injury as follows: "If a claim is made or a suit is brought against an insured for damages because of bodily injury . . . caused by an occurrence to which this coverage applies, we will: 1. Pay up to our limit of liability for the damages for which the insured is legally liable . . . and 2. Provide a defense at our expense . . . even if the suit is groundless, false or fraudulent." (Plaintiff's Memorandum, Exhibit A, p. 12.) The policy contains the following exclusion: "Personal liability, does not apply to . . . Bodily injury to you or an insured within the meaning of part a. or b. of insured as defined." (Id., pp. 14-15.) The term "insured" is defined as "you and residents of your household who are: a. Your relatives; or b. Other persons under the age of 21 and in the care of any person named above." (Id., p. 1.) The policy provides that the term "`you' and `your' refer to the `named insured' shown in the Declarations. . . ." (Id.) Dorothy Grady is designated as the named insured in the Declarations. (Id., cover p. 3.)
According to the plaintiff, there is no genuine issue of material fact that Kevin Grady was a relative of Dorothy Grady and resided with her at the insured property at the time of his fall. The plaintiff alleges that the policy is clear and unambiguous and that Kevin Grady is an insured as that term is defined in the policy. According to the personal liability exclusion, the plaintiff argues, it is not required to provide a defense to or indemnification for Dorothy Grady in Kevin Grady's suit against her. The defendants respond that the issue of whether Kevin Grady was living at Dorothy Grady's house as a tenant or residing there as a family member is a question of fact and thus, summary judgment is not appropriate.
"The [i]nterpretation of an insurance policy, like the interpretation of other written contract, involves a determination of the intent of the parties as expressed by the language of the policy. . . . The policy words must be accorded their natural and ordinary meaning . . . [and] any ambiguity in the terms of an insurance policy must be construed in favor of the insured because the insurance company drafted the policy." (Internal quotation marks omitted.) Community Action for GreaterMiddlesex County, Inc. v. American Alliance Ins. Co., supra, 254 Conn. 399. "[T]his rule of construction favorable to the insured extends to exclusion clauses." (Internal quotation marks omitted.) Imperial Casualty Indemnity Co. v. State, 246 Conn. 313, 325, 714 A.2d 1230 (1998). "A necessary predicate to this rule of construction, however, is a determination that the terms of the insurance policy are indeed ambiguous. . . . The fact that the parties advocate different meanings of CT Page 15329 the [insurance policy] does not necessitate a conclusion that the language is ambiguous." (Internal quotation marks omitted.) CommunityAction for Greater Middlesex County, Inc. v. American Alliance Ins. Co.,
supra, 399.
"The common and ordinary meaning of `household' as defined in Webster's Third International Dictionary is: `those who dwell under the same roof and compose a family: a domestic establishment; specif[ically]: a social unit comprised of those living together in the same dwelling place.'"Griffith v. Security Ins. Co., 167 Conn. 450, 454, 356 A.2d 94 (1975). "In accordance with the two primary elements that emerge from this definition [courts should consider whether the facts are sufficient to establish that the relative of the insured had] a close, family-type relationship with the inhabitants of that household, and, in addition, that he actually lived in the household." Middlesex Mutual AssuranceCompany v. Walsh, 218 Conn. 681, 686, 590 A.2d 957 (1991).
"Over the years, many courts have been faced with the similar problem of deciding whether on a given state of facts individual persons are members of a particular household and, in each case, the decision has depended upon the particular factual circumstances involved. These factual circumstances are so varied that the decisions themselves are of little precedential value." Griffith v. Security Ins. Co., supra,167 Conn. 458. The Connecticut Supreme Court "has recognized that a trier of fact must determine where an individual resides by analyzing the facts unique to each case. . . . In undertaking this analysis, the trier of fact must consider a conglomeration of factors. . . . These factors include: the intent of the individual; the frequency of contact between the individual and other household inhabitants; the frequency with which the individual spends time at the household; the maintenance of a separate residence for the individual; whether the individual is emotionally and financially capable of establishing and maintaining a residence independent of the household; the location of personal belongings; the location of and address used for person[al] and business records; the address at which mail is received; and the address used for formal purposes such as voting, licenses, and income tax filings." (Citations omitted.) Remington v. Aetna Casualty Surety Co.,240 Conn. 309, 314-15, 692 A.2d 399 (1997).
In this case, the plaintiff must demonstrate that the evidence, when viewed in the light most favorable to the defendants, shows that there is no genuine issue with respect to Kevin Grady's meeting the dual elements that he was both a resident of Dorothy Grady's household and a family member, although evidence does establish that Kevin Grady lived in Dorothy Grady's residence. Plaintiff's Memorandum, Exhibit B, pp. 12-13, 17. The defendants have raised a question of fact as to whether he had a CT Page 15330 close family-type relationship with Dorothy Grady. Indeed the evidence shows that Kevin Grady and Dorothy Grady did not purchase food or eat any meals together, seldom saw each other and used separate entrances into the residence. (Plaintiff's Memorandum, Exhibit B, pp. 15-16, 18, 20; Kevin Grady's Memorandum Exhibit A, Exhibit B, pp. 36, 39-40.) The only rooms Kevin Grady used in the residence were his own bedroom and the bathroom he shared with Dorothy Grady. (Kevin Grady's Memorandum, Exhibit A, Exhibit B, pp. 39-40, 43.) He did not use any of the other rooms or the laundry facilities. (Id.)
Summary judgment should not be granted when "the evidence presented, together with the inferences that could reasonably be drawn from that evidence . . . [is] sufficient to raise a genuine issue of material fact as to whether [an individual] was a resident in [a relative's] household." Schratwieser v. Hartford Casualty Ins. Co., 44 Conn. App. 754,758, 692 A.2d 1283, 241 Conn. 915, 696 A.2d 340 (1997).
Accordingly, the court finds that a genuine issue of material fact has been raised by the defendant. The plaintiff's motion for summary judgment is denied.
SKOLNICK, J.