[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this action alleging invasion of privacy, the defendant New Milford Hospital moves for summary judgment to enter in its favor. The plaintiff Heather Smith brought this action after she was examined and treated by the defendant following an automobile accident.
On June 5, 2000, the plaintiff filed a revised second amended complaint in four counts. The second count, essentially duplicative of the first count, was voluntarily withdrawn. The third and fourth counts were stricken by the court (Cremins, J.). The remaining count, count one, alleges, inter alia, that the defendant violated the plaintiff's right to privacy by: (1) allowing a police officer to be in attendance during the course of the plaintiff's treatment, x-rays, and during follow-up treatment; (2) providing non-medical personnel with information regarding the plaintiff's medical condition; and (3) allowing a police officer to direct medical personnel to conduct tests that were not medically essential.
The defendant moved for summary judgment on February 15, 2001, on the grounds that: (1) the plaintiff implicitly consented to blood alcohol testing by operating a motor vehicle in the state of Connecticut; (2) the plaintiff explicitly consented to blood alcohol testing; (3) the blood test obtained was medically necessary; (4) the defendant did not provided medical information to a police officer on December 2, 1997; (5) the defendant did not obtain a blood alcohol level from the plaintiff at the direction of a police officer; (6) the plaintiff's privacy was not invaded by permitting a police officer to be present during any medical testing; (7) the plaintiff's blood test results were not private; and (8) the facts allegedly published improperly were a matter of legitimate public interest.
The court (Cremins, J.) granted the plaintiff an extension of time to file a response to the defendant's motion, allowing the plaintiff until April 30, 2001. The plaintiff filed a memorandum in opposition to the motion and supporting materials on May 15, 2001.[1] The plaintiff opposes this motion on the grounds that: (1) the defendant permitted a police officer to continue an investigation and question the plaintiff while she was receiving medical treatment; (2) it was not medically necessary to test the plaintiff's blood alcohol count at the time it was CT Page 9336 tested and that such test was conducted for the purpose of assisting the police in its investigation; (3) the implied consent statute, General Statutes § 14-227b, does not give the defendant the right to disclose confidential information; (4) the plaintiff nor her mother gave explicit consent to nonemergency testing; and (5) confidentiality rights resulting from a youthful offender status have been violated.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49; Appleton v. Board ofEducation, 254 Conn. 205, 209 (2000); Community Action for GreaterMiddlesex County, Inc. v. American Alliance Ins. Co., 254 Conn. 387, 397
(2000); Miles v. Foley, 253 Conn. 381, 385 (2000). A "material" fact is one which will make a difference in the outcome of the case. Morasciniv. Commissioner of Public Safety, 236 Conn. 781, 808 (1996). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist.Michaud v. Gurney, 168 Conn. 431, 433 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Wilson v.New Haven, 213 Conn. 277, 279 (1989); Mac's Car City, Inc. v. AmericanNational Bank, 205 Conn. 255, 261 (1987). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Sherwood v. Danbury Hospital,252 Conn. 193, 201 (2000).
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . [the nonmovant] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with . . . evidence disclosing the existence of such [a disputed] issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court. . . ." (Internal quotation marks omitted.) HomeInsurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202 (1995).
The complaint alleges that the defendant violated the plaintiff's right of privacy "by allowing certain non-medical personnel, specifically a police officer, to be in attendance in the Emergency Room during the course of the plaintiff's treatment and during the course of x-rays and during the course of the follow-up treatment." (06/05/00 Revised Second Amended Complaint, Count One Paragraph 5.) As one of its grounds for this motion, the defendant claims that there is no genuine issue as to a CT Page 9337 material fact that "no police officer was permitted to be present during any testing of the Plaintiff while she was treated at the New Milford Hospital emergency room." (02/14/01 Memorandum of Law in Support of Motion for Summary Judgment.)
In considering this motion, the court reviews the exhibits offered by the defendants, specifically the transcript of the plaintiff's January 10, 2001 deposition, the affidavits of emergency room staff persons, Nancy Stolz, R.N., Byron Thomas, M.D., and Frederick Lohse, M.D., and the affidavit of Officer Henry Marino of the New Milford police department.
Ms. Stolz avers in her affidavit that "[a]t no time during Heather Smith's treatment in the New Milford Hospital emergency room on December 2, 1997, was a police officer permitted to be in the room with her during examination, disrobing or medical testing." (Memorandum in Support of Motion for Summary Judgment, Exhibit D.) Doctors Thomas and Lohse both state in their affidavits that "at no time was a police officer permitted to be present in the room with Heather Smith during any invasive medical testing or medical examination." (Id., Exhibits F, G.) Officer Marino states in his affidavit that "[a]t no time on December 2, 1997, was I present during any medical or physical examination or radiological testing of Heather M. Smith." (Id., Exhibit H.) The plaintiff's deposition testimony, however, is far less absolute. (See Id., Exhibit C at 53-60.)
The court also considers the exhibits offered by the plaintiff, specifically the copy of the police report prepared by Officer Marino and the plaintiff's own affidavit. The police report states that "[the] officer then left the accident scene and again spoke with Ms. Smith while she was receiving medical treatment at the hospital." (Memorandum in Opposition to Motion for Summary Judgment, Exhibit 1.) The plaintiff states in her affidavit that "after I was taken to the Emergency Room and while I was in the process of having a Cat Scan of my head taken, New Milford Police Officer Marino invaded my privacy, berated me . . . and otherwise harassed me while I was being treated for my injuries" (Id., Exhibit 4.)
It is unclear from the evidence produced by the defendant when, precisely, Officer Marino was permitted to be in the room with Heather Smith and to question her. Accordingly, the court finds that a genuine issue of material fact exists as to whether the police officer was present during the plaintiff's treatment. While the defendant raises a number of issues in support of its motion for summary judgment on this single count complaint, the court cannot act upon those issues in light of the above finding. Cave v. Farm Family Mutual Ins. Co., Superior Court, judicial district of Waterbury, Docket No. 125978 (December 31, 1996, Vertefeuille, J.) (18 Conn.L.Rptr. 396) ("it is not possible to CT Page 9338 render summary judgment on part of a count of a complaint"). Accordingly, the motion is denied.
DiPentima, J.