[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs move for summary judgment to enter in their favor on two counts of their six count complaint. For the following reasons, the court denies the motion.
This action arises out of an agreement reached between the plaintiffs and defendants to purchase a lot and have the defendants construct a single family dwelling thereon. After the contract was signed and as a result of action by the New Milford Zoning Commission, there were changes to the original specifications of the dwelling. The plaintiffs claim that the defendants breached the contract by failing to complete their contractual obligations.
In this motion, the plaintiffs argue that judgment as to liability should enter in their favor as to count one, wherein specific performance of the contract is sought and count three, where attorney's fees are sought.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49; Community Action for GreaterMiddlesex County, Inc. v. American Alliance Ins. Co., 254 Conn. 387, 397
(2000); Appleton v. Board of Education, 254 Conn. 205, 209 (2000); Milesv. Foley, 253 Conn. 381, 385 (2000). A "material" fact is one which will make a difference in the outcome of the case. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578 (1990). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney,168 Conn. 431, 433 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Wilson v.New Haven, 213 Conn. 277, 279 (1989); Mac's Car City, Inc. v. AmericanNational Bank, 205 Conn. 255, 261 (1987). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Sherwood v. Danbury Hospital,252 Conn. 193, 201 (2000). CT Page 10155
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . [the nonmovant] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with . . . evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court. . . ." (Internal quotation marks omitted.) Home Ins. Co. v. AetnaLife Casualty Co., 235 Conn. 185, 202 (1995).
Here there are genuine issues of material fact as to the intent of the parties regarding the change orders, the intent of the parties regarding whether the sale of the lot with the dwelling was contingent upon the sale of the adjacent lot; and the effect of changes required by the town upon the purchase price. These are issues that must be decided at trial.
The law of specific performance requires a determination of these issues. "In framing an order of specific performance . . . the trial court can mold it to do justice as fully as is practicable. . . . If the exact performance promised is very difficult to enforce or has become impossible, unreasonably burdensome, or unlawful, the court may order a performance not identical with what was promised." Sink v. Meadow WoodCountry Estates, Inc., 18 Conn. App. 569, 578, cert denied, 212 Conn. 809
(1989).
Because there are material issues of fact as to the breach of the contract and as to the terms of the contract, the motion is denied.
DiPentima, J.