[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION REGARDING MOTION FOR SUMMARY JUDGMENT
This declaratory judgment action seeks resolution of a dispute CT Page 3037 regarding whether the defendant has insurance coverage for a motor vehicle accident which occurred on February 16, 1998. At the time of the accident, Mark Stoleson was operating a vehicle owned by co-defendant, John Keller, on Interstate 95 in Stratford, Connecticut. Plaintiff has moved for summary judgment on the grounds that there is no genuine issue of material fact that plaintiff does not have a duty to defend Stoleson as its insured.
Summary judgment is appropriate when the pleadings, affidavits, and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-44 et seq.; Connell v. Colwell,214 Conn. 242 (1990). "The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law entitled him to judgment as a matter of law. To satisfy this burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw, 193 Conn. 442, 445 (1984). Summary judgment is designed to eliminate the delay and expense incident to trial where there is no real issue to be tried. Wilson v. New Haven,213 Conn. 277, 279 (1989). "Once the moving party has presented evidence in support of the Motion For Summary Judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue . . . it is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. `Mere assertions of fact' . . . are insufficient to establish the existence of a material fact, and therefore, cannot refute evidence properly presented to the court. . . .'" (citations omitted). Burns v. Hartford Hospital, 192 Conn. 451, 455
(1984). A party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with evidence disclosing the existence of such an issue. Id.
Issues related to the content of insurance policies are appropriate for summary judgment review. "The question of whether an insurer has a duty to defend its insured is purely a question of law." Witt v. St. Vincent'sMedical Center, 252 Conn. 363, 368 (2000). See also Community Action forGreater Middlesex County, Inc. v. American Alliance Insurance Co.,254 Conn. 387, 397-98 (2000).
On February 16, 1998, Mark Stoleson was employed by J M, Inc., d/b/a/ Bernardo's Auto Body ("JM") as an automobile mechanic. On that date John Keller's son brought his father's vehicle to JM for repairs. At that time, Stoleson maintained an automobile insurance policy with Progressive Northwestern Insurance Company, known as policy number 02120202-5. CT Page 3038
On February 16, 1998 after closing hours, and after he punched out from work, Stoleson left the premises of JM driving the Keller vehicle. After leaving work, Stoleson drove the vehicle to the house of a friend and drank alcoholic beverages. Stoleson and his friend then left the house and Stoleson drove them to the Red Arrow, a bar in Milford, CT where they continued to drink. Stoleson and his friend then left the Red Arrow and while driving to find somewhere to eat were involved in a motor vehicle accident with a vehicle operated by Isco Davis. John Keller has submitted an affidavit that he did not have knowledge that Stoleson was operating his vehicle at the time of the accident and did not give Stoleson permission to drive the vehicle for recreational or social purposes. The parties opposing summary judgment have not submitted any evidence that Keller did have knowledge that Stoleson was going to be drinking and driving his vehicle after work hours.[1]
The relevant Progressive policy of insurance provides coverage to an insured, provided the insured is an "insured person" in accordance with the definition in the policy. An "insured person" is provided coverage if the vehicle used is a "covered vehicle" or if the operator of the vehicle is involved in an "accident arising out of the maintenance or use of any vehicle with the express or implied permission of the owner of the vehicle." Stoleson's policy with Progressive also states that, "Progressive" will pay damages, other than punitive, exemplary, or statutory multiple damages, for bodily injury for which an `insured person' becomes legally responsible because of an accident arising out of the ownership, maintenance, or use of a `covered vehicle.'" A "covered vehicle" is defined as "any vehicle shown on the Declarations Page; an additional vehicle or replacement vehicle on the date (the insured)becomes the owner." Id. (Emphasis added).
The Keller vehicle is not listed on the declaration page of Stoleson's Progressive policy which was in effect at the relevant time. It is undisputed Stoleson has never been the owner of the Keller vehicle. Therefore, as Stoleson did not insure and did not acquire ownership of the Keller vehicle, Progressive has no obligation to defend or indemnify Mark Stoleson on the grounds that he was driving a "covered vehicle" at the time of the February 16, 1998 motor vehicle accident.
The only other possible basis for insurance coverage under the Progressive policy would be if Stoleson has permission of the owner to operate the car. Keller has submitted evidence that he did not give Stoleson permission to drive the car. Specifically, John Keller did not give express or implied permission to Stoleson to operate his car after working hours, to go to a bar and then leave the bar and take the car to find a place to eat. On the other hand, there has been no evidence submitted by the parties opposing summary judgment that Stoleson had CT Page 3039 express or implied permission from the owner of the vehicle, John Keller, to use the vehicle.[2] Accordingly, there is no genuine issue of material fact that Stoleson did not have permission to be driving the owner's car at the time of the accident.
 CONCLUSION
The vehicle operated by Mark Stoleson at the time of the February 16, 1998 motor vehicle accident was not listed on his Progressive policy declarations page and Stoleson did not have permission of the owner to operate the vehicle. Accordingly, there is no genuine issue of material fact that Progressive had no obligation to defend or indemnify Mark Stoleson in any of the lawsuits resulting from the February 16, 1998 motor vehicle accident.
Therefore, Progressive Northwestern Insurance Company's motion for summary judgment is granted.
CHASE T. ROGERS SUPERIOR COURT JUDGE