**John BEWIG, Plaintiff–Appellant,**

v.

**STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, Defendant–Respondent.**

No. 62054.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 16, 1993.

Douglas B. Salsbury, St. Louis, for plaintiff-appellant.

Kevin P. Schnurbusch, Adrian P. Sulser, Evans & Dixon, St. Louis, for defendant-respondent.

SMITH, Judge.

Plaintiff appeals from a judgment entered against him in this court-tried case involving insurance coverage. We affirm.

The matter was presented to the trial court on stipulated facts and the depositions of Linda Hayden and her father Melvin Hayden. Plaintiff, John Bewig, is a mail carrier. He was bitten by a dog owned by Linda Hayden and kept at her home. He sued Linda and the parties entered into a consent judgment in the amount of $10,000. Plaintiff agreed to seek satisfaction of that judgment solely from State Farm. At the time of the dog bite Linda was living in a house owned by her father, her mother, and her aunt and uncle. The owners were the named insureds under a Rental Dwelling Insurance policy issued by State Farm and covering the dwelling in which Linda resided. Linda did not have renters insurance.

In the policy, "insured" was defined to include the named insureds, any employee

of the named insured while acting within the scope of that employment and "any person or organization while acting as real estate manager for the *named insured.*" (Emphasis in original). Liability coverage was provided to any insured for any claim arising from bodily injury, personal injury or property damage caused by an occurrence and which arises from the ownership, maintenance or use of the insured premises.

Melvin Hayden and Linda testified that Linda was responsible for obtaining additional tenants besides herself for the premises, for paying the utility bills and for either maintaining the premises or advising the owners of the need for repairs. The total rental for the premises was $500 per month, with Linda responsible for $100 of that amount and each of the other two tenants responsible for $200. Linda was employed full-time as a beautician and had never worked as a manager of real estate. On cross-examination by plaintiff's attorney, in response to a leading question, Melvin Hayden characterized Linda as a resident manager of the property. He stated on re-direct that part of the reduction in Linda's rent was because she was his daughter and he was giving her a break. The dog responsible for plaintiff's injury was a pet and the record indicates that he was not utilized for security purposes.

Plaintiff contends that Linda was a "real estate manager" of the property and therefore an insured. While we are not inclined to view Linda as a real estate manager at all, the record does not indicate that she was acting in that capacity at the time of the occurrence which caused plaintiff's injury. The insurance is intended to protect the landlord and those acting in his behalf in regard to the property. It obviously does not protect employees or agents in their individual capacities unrelated to the landlord's interests. The record is totally silent of when the bite occurred, whether Linda was home, or the circumstances of the bite. It is plaintiff's burden to establish that coverage existed. That burden requires that plaintiff establish that Linda was a real estate manager of the property, and that the injury occurred while she was acting in that capacity. The record is silent about Linda's activities at the time of the occurrence.

The policy here is unambiguous. Where the policy is unambiguous it will be enforced as written, absent public policy to the contrary. *Krombach v. Mayflower Insurance Company, Ltd.,* 827 S.W.2d 208 (Mo. banc 1992) [1]. Here there is no public policy involved. The insurance policy does not provide coverage for the plaintiff's injuries and the trial court correctly entered judgment for the defendant.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRANDALL, J., concur.