[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON CROSS MOTIONS FOR SUMMARY JUDGMENT
On February 7, 2001, the plaintiffs, Hartford Casualty Insurance Company (Hartford Casualty) and its insured, Mitch Wylie, filed a four-count amended complaint seeking a judgment declaring that Wylie is entitled to coverage under two insurance policies issued by the defendant, Mutual Fire Insurance Company (Litchfield Mutual or "the defendant"). Wylie sought coverage under both policies in connection with a personal injury action brought against him after his dog bit a child who was an invitee on the premises of Strictly Dirt, Inc., a Connecticut corporation located at 309 Albany Turnpike, Canton, Connecticut. Wylie is the president and sole stockholder of Strictly Dirt, Inc. He is also owner of the property located at 309 Albany Turnpike, Canton. In addition to the declaratory judgment, the amended complaint seeks reimbursement for settlement costs and attorneys fees paid by Hartford Casualty in connection with the personal injury action.
The following facts are not in dispute. On March 15, 1997, Hartford Casualty issued a homeowner's insurance policy to Wylie for a term of one year. (Exhibit 3 of Amended Complaint.) On June 27, 1997, Litchfield Mutual issued two insurance polices, a commercial "premises only" policy to Wylie as owner of 309 Albany Turnpike and an identical policy to Strictly Dirt, Inc, as lessee of the subject property. (Exhibits 1 2 of Amended Complaint.) Pursuant to form GL-600 of said commercial policies, liability coverage was provided for liability arising out of the "ownership, maintenance or use" of the "premises only." (Id.) Form GL-600 is known in the industry as an "Owners, Landlords Tenants" policy or "OLT." (Affidavit of Peter Faber, p. 2.)
On February 21, 1998, two-year-old Samantha Bard was bitten by Wylie's dog while on the premises of Strictly Dirt, Inc. On February 14, 2000, Bard, through her parent and next friend, Stacey Busque, Stacey Busque individually, and Troy Bard filed a thirty-count complaint against Wylie and Strictly Dirt, Inc., seeking damages in connection with the dog bite incident. Fifteen counts were directed against Wylie as the owner and/or CT Page 1431 keeper of the dog and fifteen counts were directed against Strictly Dirt, Inc., as the owner and/or keeper of the dog on its business premises. Litchfield Mutual defended Strictly Dirt, Inc., but refused to defend Wylie.[1] Hartford Casualty defended Wylie and ultimately settled all claims against him. While the dog bite suit was pending, Hartford Casualty and Wylie filed the present declaratory judgment action seeking a judgment that Litchfield Mutual had a duty to defend and indemnify Wylie in the dog bite suit, that the coverage under the two commercial policies issued by Litchfield Mutual was primary and that the coverage under the homeowner's policy issued by Hartford Casualty was excess.
Presently before the court are the parties' cross motions for summary judgment on the issue of whether Litchfield Mutual owed a duty to defend Wylie pursuant to either or both of the commercial policies issued to Wylie and to Strictly Dirt, Inc.
 DISCUSSION
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Buell Industries, Inc. v. Greater New York Mutual Ins. Co.,259 Conn. 527, 549-50, 791 A.2d 489 (2002). "A material fact is a fact that will make a difference in the result of the case." Rosenfeld v.Rogin, Nassau, Kaplan, Lassman Hirtle, LLC, 69 Conn. App. 151,157, 795 A.2d 572 (2002).
The plaintiffs argue that Litchfield Mutual owed a duty to defend Wylie under both policies. The plaintiffs argue that it is "inexplicable" that Litchfield Mutual would agree to defend and indemnify Strictly Dirt, Inc., but not Wylie because "the terms of the policy issued to Mr. Wylie individually were the same as the terms of the policy issued to Strictly Dirt, Inc. and thus, if Strictly Dirt, Inc. was being provided a defense, certainly Mr. Wylie was owed a defense as well." (Plaintiffs' Supplemental Memorandum, p. 3.) The plaintiffs further argue that "[i]f there was a possibility that Mr. Wylie was an insured under the policy CT Page 1432 issued to Strictly Dirt, Inc., Litchfield Mutual likewise had an obligation to defend Mr. Wylie under that policy. In this regard, the complaint in the dog bite case made it clear that . . . the dog bite incident occurred . . . as the result of Mr. Wylie's negligence, both individually and as the agent or employee of Strictly Dirt, Inc., in,inter alia, allowing [the dog] to roam around the store . . ." (Plaintiffs' Memorandum, pp. 11-12.)
Litchfield Mutual counters that although it provided a defense for Strictly Dirt, Inc., it did so with a reservation of rights. (Defendant's Memorandum, p. 9.) Litchfield Mutual also argues that the complaint in the dog bite case failed to allege any facts against Wylie, individually, that would bring the child's injuries within the coverage of either policy. With regard to whether the child's injury was covered under the policy issued to Wylie personally, Litchfield Mutual argues that the underlying complaint did not allege that Wylie was the owner of the premises on which the attack occurred or that any liability on the part of Wylie was related to his ownership, maintenance or use of the premises. (Defendant's Memorandum, p. 3.) With regard to whether Wylie was an insured under Strictly Dirt, Inc.'s, policy, Litchfield Mutual argues that the underlying complaint did not allege any relationship between Wylie and Strictly Dirt, Inc., nor did it allege that Wylie was performing any work or services for Strictly Dirt, Inc., or that he was even employed by Strictly Dirt, Inc., when the attack occurred. (Id.) Litchfield Mutual further argues that "[a]bsent some allegation in the underlying complaint to suggest a relationship between the dog which bit the claimant and the premises insured, the policies issued by Litchfield Mutual do not provide coverage for the claims made in the underlying complaint." (Id., p. 12.) The court agrees with the defendant.
Whether an insured has coverage under an insurance contract generally presents a question of law. Wallingford v. Hartford Accident Indemnity Co., 231 Conn. 301, 305, 649 A.2d 530 (1994). "[A]n insurer's duty to defend, being much broader in scope and application than its duty to indemnify, is determined by reference to the allegations contained in the [underlying] complaint . . . The obligation of the insurer to defend does not depend on whether the injured party will successfully maintain a cause of action against the insured but on whether he has, in his complaint, stated facts which bring the injury within the coverage. If the latter situation prevails, the policy requires the insurer to defend, irrespective of the insured's ultimate liability . . . It necessarily follows that the insurer's duty to defend is measured by the allegations of the complaint . . . Hence, if the complaint sets forth a cause of action within the coverage of the policy, the insurer must defend." (Internal quotation marks omitted.) Board of Education v. St.CT Page 1433Paul Fire Marine, 261 Conn. 37, 40-41, 801 A.2d 752 (2002); see also Community Action for Greater Middlesex County, Inc. v. AmericanAlliance Ins. Co., 254 Conn. 387, 398, 757 A.2d 1074 (2000).
The issue to be decided, therefore, is whether the allegations contained in the dog bite complaint set forth a cause of action against Wylie that fell within the coverage of either the commercial policy issued to Wylie and/or the identical policy issued to Strictly Dirt, Inc. As previously noted, Form GL-600 of said policies is known in the industry as an OLT policy. It provides in relevant part: "We pay all sums which an insured becomes legally obligated to pay as damages due to bodily injury or property damage to which this insurance applies. The bodily injury or property damage must be caused by an occurrence and arise out of the ownership, maintenance or use of the insured premises or operations that are necessary or incidental to the insured premises." (Exhibit 1 of Plaintiffs' Motion for Summary Judgment.) Couch, in his treatise on insurance, states that "[t]he purpose of such [a policy] is simply to protect against liability arising from the condition or use of the building as a building. Accordingly, landlord-tenant insurance must be distinguished from insurance against liability arising from the nature of the enterprise or activity conducted within the insured premises. Liability arising out of a business enterprise is commonly covered by commercial general liability policies . . ." Couch, Insurance (3 Ed. 1995) § 132:59, p. 132-75. Litchfield Mutual cites several cases from other jurisdictions wherein the courts construed policy language identical to the policy language at issue more expansively as including all operations necessary or incidental to the business of the insured conducted at or from the insured premises. In DeForte v. AllstateInsurance Company, 442 N.Y.S.2d 307, 309 (N.Y.App.Div. 1981), for example, the New York Supreme Court held that a landlord was covered under an OLT policy where her watchdog bit a police officer who had stopped her while she was driving to obtain light bulbs for a common hallway used by tenants of the insured premises. The plaintiff testified that she had taken the dog with her to protect her car from being stolen. Id. The court stated that the "focus" of the coverage issue must be on "the plaintiff's purpose" in going on the errand and concluded that the purpose in that case "was necessary and incidental" to the plaintiff's business. Id., p. 310. Applying the same analysis, the court in Bewig v. State Farm Fire and Casualty Insurance Company, 848 S.W.2d 521
(Mo.Ct.App. 1993) held that a mail carrier was not covered under a landlord's OLT policy where the carrier was bit by a dog owned by the landlord's daughter. In arriving at its decision, the court noted that "the dog responsible for plaintiff's injury was a pet and the record indicates that he was not utilized for security purposes." Id., p. 522. CT Page 1434
In the present action, the evidence establishes that the dog was not used for security purposes. Neither was the dog incidental to the ownership, maintenance or use of the insured premises or to the operations that were necessary or incidental to the insured premises. In a November 12, 2001 deposition taken in connection with this action, Wylie testified that the dog, Milhause, was his personal dog and was not owned or kept by Strictly Dirt, Inc. (Exhibit B of Kirby Huget Affidavit, p. 32.) He testified that the dog accompanied him to work regularly but was not a watch dog for the business or for the premises. (Id., pp. 33-37.) Wylie also testified that his presence at Strictly Dirt, Inc., on the day of the dog attack was related entirely to his position as an employee of Strictly Dirt, Inc., and was unrelated to his role or responsibilities as owner/landlord of the premises. (Id., pp. 19-22.) The court finds, accordingly, that the evidence submitted in support of the defendant's motion for summary judgment establishes that the injury for which coverage is sought did not arise out of Wylie's ownership, maintenance or use of the insured premises and therefore was not covered by the OLT policy issued to Wylie personally as owner of the premises.
The plaintiffs also argue that "[i]f there was a possibility that Mr. Wylie was an insured under the policy issued to Strictly Dirt, Inc., Litchfield Mutual likewise had an obligation to defend Mr. Wylie under that policy. In this regard, the complaint in the dog bite case made it clear that . . . the dog bite incident occurred . . . as the result of Mr. Wylie's negligence, both individually and as the agent or employee of Strictly Dirt, Inc., in, inter alia, allowing [the dog] to roam around the store . . ." (Plaintiffs' Memorandum, pp. 11-12.) A careful reading of the dog bite complaint, however, does not support the plaintiffs' assertion that it contains allegations that Wylie was negligent while acting as an agent or employee of Strictly Dirt, Inc. (See Exhibit A of Kirby Huget Affidavit.) Moreover, the subject policy states that where the insured is an organization, "insured means you and all of your executive officers and directors, but only while acting within the scopeof their duties in connection with the business conducted on the insuredpremises described on the Declarations . . . Insured also includes . . . your employees, for acts within the scope of their employment by you . . ." (Emphasis added.) (Exhibits 1 2 of Amended Complaint.) The uncontroverted evidence in the present action establishes that the dog was unrelated to Wylie's duties as an employee of Strictly Dirt, Inc., and therefore Wylie was not acting within the scope of his duties as an employee or director of Strictly Dirt, Inc., when his dog bit Samantha Bard. The court finds, accordingly, that Litchfield Mutual is entitled to summary judgment as a matter of law because there is no genuine issue of material facts as to whether the OLT policy issued to Wylie or to Strictly Dirt, Inc., covered Bard's injuries. CT Page 1435
 CONCLUSION
For the foregoing reasons, the defendant's motion for summary judgment is granted and the plaintiffs' motion for summary judgment is denied.
BY THE COURT
Dunnell, J.