**Jennifer N. RUSSELL, By Next Friend, James Russell, Appellant,**

v.

**Joseph CLAPP, Defendant,**

**Cameron Mutual Insurance Company, Respondent.**

**No. WD 66244.**

Missouri Court of Appeals,
Western District.

Sept. 19, 2006.

Kevin K. Anderson, Harrisonville, MO, for Appellant.

Jack T. Bangert, Kansas City, MO, for Respondent.

Before LOWENSTEIN, P.J., SPINDEN and NEWTON, JJ.

HAROLD L. LOWENSTEIN, Judge.

Jennifer Russell, by her next friend, appeals the grant of summary judgment in favor of Cameron Mutual Insurance Company as to whether a commercial general liability insurance policy on a trailer park covers damages arising out of a bite from a dog owned by the manager of the trailer park.

### FACTS

Joseph Clapp ("Clapp") lived in a mobile home located on an acre of property adjacent to a trailer park, the E & L Trailer Court, owned by his parents, Edward and Louise Clapp. Clapp's mobile home, and the property on which it sat, was owned by his mother. Clapp did not pay rent on the mobile home. Rather, he assisted his parents with work on his parents' trailer park and kennels, and was "on call" to help with the trailer park property when he was required. Clapp also managed his parents' farms.[1]

Clapp's parents, Edward and Louise Clapp, also owned the E & L Court. They owned a commercial general liability insurance policy issued by respondent Cameron Mutual Insurance Company ("Cameron").

---

1. The farm property was not covered by the insurance policy at issue in this case.

The policy covered the trailer park, dog kennels, and dwellings owned by Edward and Louise. The parties also stipulated that the commercial general liability policy covering the trailer park also covered the trailer in which Clapp lived as well as the property on which it sat. In addition to the owners of the insurance policy, the commercial general liability coverage policy identifies an "insured" as:

a. Your employees, other than your executive officers, but only for acts within the scope of their employment by you ...

b. Any person (other than your employee), or any organization while acting as your real estate manager.

c. Any person or organization having properly temporary custody of your property if you die, but only:

(1) With respect to liability arising out of the maintenance or use of that property; and

(2) Until your legal representative has been appointed.

In December 1991, Jennifer Russell, then a young child, was bitten by a dog owned by Clapp while she was visiting with Clapp's stepdaughter at his mobile home. At the time of the dog bite, Clapp was watching television in his trailer.

## PROCEDURAL POSTURE

James Russell, as next friend for Jennifer Russell (collectively "Russell") brought a negligence action against Clapp, his former wife, and the E & L Trailer Court for damages resulting from the dog bite. Russell won a judgment against Clapp for $75,000. Following the entry of the judgment, Russell filed a Request for Garnishment against Cameron for payment of the judgment under Edward and Louise Clapp's commercial general liability policy. Cameron denied coverage arguing that Clapp was not an insured under the policy.

Both Russell and Cameron each filed motions for summary judgment asking the court to determine whether Clapp was an insured under the insurance policy. The trial court found that Clapp was an employee of his parents in the trailer court and kennel business, was a tenant of his parents in the mobile home where the dog bite occurred, and did not manage the real estate described in the policy. The trial court granted Cameron's motion for summary judgment and entered judgment in favor of Cameron and against Russell on the garnishment. Russell appealed.

## STANDARD OF REVIEW

This court reviews a grant of summary judgment de novo. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). This court need not defer to the trial court's order granting summary judgment. Id. "In determining whether the entry of summary judgment was appropriate, we review the record in the light most favorable to the party against whom summary judgment was entered and allow the non-movant the benefit of all reasonable inferences." *Bland v. IMCO Recycling, Inc.*, 122 S.W.3d 98, 102 (Mo.App.2003).

## DISCUSSION

In her single issue raised on appeal, Russell argues that Clapp is a real estate manager and, therefore, an insured under his parents' commercial general liability policy. However, under Missouri law, simply establishing that an individual qualifies as a real estate manager is insufficient to bring that person under the coverage of the clause in question. The plaintiff must also show that the injury arose from the individual's actions as a real estate manager. The issue has been ad-

dressed by this court in both the eastern district and the southern district.

In *Bewig v. State Farm Fire & Casualty Insurance Co.*, a mail carrier was bitten by a dog. 848 S.W.2d 521, 522 (Mo.App. E.D. 1993). The owner of the dog was living in a house owned by her parents and relatives. *Id.* In return for a decreased rent, she was responsible for obtaining additional tenants, paying the utility bills, maintaining the premises, or advising the owners of the need for repair. *Id.* at 522. The dog owner held a full-time position as a beautician and had never worked as a real estate manager. *Id.* The house was covered by a Rental Dwelling Insurance Policy issued by State Farm. *Id.* Like the policy in this case, the insurance policy defined an insured to include the named insureds, any employee acting within the scope of his employment, and "any person or organization while acting as a real estate manager of the *named insured.*" *Id.* at 521–22.

The eastern district did not directly address whether the dog owner qualified as a real estate manager under the policy, although the court noted that it was not inclined to view her as a real estate manager at all. *Id.* at 522. Rather, the court stated that the purpose of the policy was to "protect the landlord and those acting in his behalf in regard to property" and not protect employees or agents in their individual capacities. *Id.* Therefore, in order for an individual to be covered by the policy, that person must not only be a real estate manager but must also be acting in that capacity when the injury occurs. *Id.*

The southern district has also addressed the interpretation of the real estate manager clause in *Shelter Mutual Insurance Co. v. Crunk*, 102 S.W.3d 560 (Mo.App. 2003). A house was covered by a commercial general liability policy. The house was under a contract for deed and the sellers held the policy. *Id.* at 562. One of the buyers, who occupied the property, was babysitting an infant at the house when the child drowned in a bathtub. *Id.* The parents of the child brought a wrongful death suit against the buyer, and the buyer demanded liability coverage under the policy held by the sellers. *Id.* The policy defined additional insureds as "[a]ny person (other than your 'employee'), or any organization while acting as your real estate manager." *Id.* at 561.

The trial court looked to both the language of the insurance policy as well as the language of the contract for deed that specified certain responsibilities of the buyers, in determining that the buyers were required to perform management duties for the sellers. *Id.* at 562. Based on this reasoning, the trial court held that the buyer was covered by the "additional insured" clause of the liability policy as a real estate manager. *Id.* at 561.

Citing *Bewig*, the Southern District of this court reversed stating that even if the buyer was a real estate manager, the policy does not provide coverage "unless the injury occurs while the real estate manager is acting in relation to the owners' property interest." *Id.* at 563 (*citing Bewig*, 848 S.W.2d at 522). Moreover, as in *Bewig*, the court noted that the policy is intended to protect the owners' property and agents acting on their behalf. *Id.* The court held that the babysitting and bathing of the baby were in no way related to the owners' interest in the property. *Id.* Therefore, the buyers were not covered by the commercial general liability policy.

Russell argues that the language of the real estate manager clause with regard to coverage for real estate managers is ambiguous and should, therefore, be construed against Cameron. Given the ambiguity, Russell contends, the policy should

be construed to cover Clapp regardless of whether he was engaged in real estate management activities at the time of the incident.

 However, this court in *Bewig*, without discussion, stated that a real estate manager clause, the language of which is substantially the same as that of the policy in question, was not ambiguous.[2] 848 S.W.2d at 522. "Where the policy is unambiguous it will be enforced as written, absent public policy to the contrary." *Id.* This court does not find any issue of public interest involved in the case at bar.

Based on the holdings in *Bewig* and *Crunk*, this court need not address whether Clapp was in fact a real estate manager for purposes of the policy, an issue that has received substantial attention both at trial and upon appeal. Even if the plaintiff could show that Clapp was a real estate manager, she must also show that the injury arose from his activities as a real estate manager.

On the day of the dog bite, Clapp had finished work[3] around noon and, at the time of the injury, was watching television inside the trailer home. The record does not indicate, nor can this court conceive, that the television viewing was in any way associated with or intended to benefit the property owners. The children were outside playing with the dog, characterized as a family pet.[4] The presence of the dog was not related to either the owners of the property, Edward and Louise Clapp, nor involved with security on the property.

Under these facts, Clapp was not engaged in property management activities for Edward and Louise Clapp and is, therefore, not an insured under the Cameron policy. Therefore, the insurance policy does not cover Clapp for the injuries Russell sustained when playing with Clapp's dog. The judgment of the trial court is affirmed.

All concur.

---

2. The policy in *Bewig* covered "any person or organization while acting as real estate manager for the *named insured*." 848 S.W.2d at 522. The Cameron policy clause states covers "[a]ny person (other than your employee), or any organization while acting as your real estate manager."

3. On the day of the incident, Clapp had worked as a farm manager for Bob Laughlin, another property owner.

4. The record indicates that the injury occurred when the child picked up the dog by its ears and the dog took exception.